**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TROY, IDAHO,<br><br>Defendant. | Case No. 3:25-cv-00262-REP |

**DEFENDANT CITY OF TROY, IDAHO'S**
**<u>FIRST AMENDED AFFIRMATIVE DEFENSES</u>**

COMES NOW the Defendant, CITY OF TROY, IDAHO, by and through its attorneys, LAW OFFICES OF TODD S. RICHARDSON, PLLC, and FOLEY, BARON, METZGER & JUIP, PLLC, and for its First Amended Affirmative Defenses, states the following:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant acted pursuant to its lawful zoning authority and comprehensive plan objectives, which are neutral, generally applicable, and consistent with constitutional and statutory requirements.

3. Defendant did not impose a substantial burden on Christ Church's religious exercise within the meaning of RLUIPA. Alternative venues and locations were available, and the CUP denial did not prevent Christ Church from practicing its religion.

4. Defendant treated Christ Church on terms equal to or more favorable than comparable nonreligious uses subject to conditional use review.

5. To the extent any burden on religious exercise occurred, it was in furtherance of compelling governmental interests, including land use planning, traffic management, and protection of the commercial district, and was the least restrictive means available.

6. Defendant's actions were not based on religion or denomination, but rather on neutral land use criteria and public planning considerations.

7. The CUP application failed to satisfy the City Code's neutral, generally applicable criteria, including compatibility with the Comprehensive Plan and impacts on parking, traffic, and the commercial district.

8. To the extent Plaintiff asserts claims inconsistent with Christ Church's or Mr. Meyer's prior representations or conduct, such claims are barred by estoppel and/or waiver.

9. No jurisdiction exists due to lack of any interstate commerce or federal funding related to the claims raised in Department's Complaint.

10. The relief requested by the Department violates the United States Constitution's Establishment Clause by providing a special preference beyond what RLUIPA requires.

11. Defendant denies that the activities Christ Church claims to have been burdened constitute "religious exercise" as defined under RLUIPA, 42 U.S.C. § 2000cc–5(7).

12. Defendant denies that Christ Church is entitled to any relief, including injunctive, declaratory, or monetary relief, under RLUIPA or any other law.

13. Defendant asserts that any alleged burden was necessary to achieve compelling governmental interests and was implemented using the least restrictive means available, consistent with 42 U.S.C. § 2000cc(a)(1)–(b)(1).

14. Defendant denies any violation of Christ Church's constitutional or statutory rights and further asserts that any incidental burden, if any, is de minimis and insufficient to sustain a claim under RLUIPA.

15. Christ Church lacks standing to bring this action to the extent they cannot demonstrate a concrete and particularized injury caused by Defendant's actions.

16. Defendant is entitled to qualified immunity for actions taken in good faith and in the exercise of discretion consistent with existing law at the time of the alleged conduct.

17. Defendant's actions were the least restrictive means of achieving legitimate governmental objectives.

18. Christ Church has had meaningful alternative opportunities to practice religion in a manner consistent with institutional, zoning, or municipal requirements.

19. The Department's claims may be barred, in whole or in part, by the applicable statute of limitations or doctrines of laches or undue delay.

20. The Department's claims are barred, in whole or in part, because Christ Church has failed to exhaust available administrative remedies before filing this action.

21. To the extent Christ Church failed to timely or properly utilize administrative remedies, including filing necessary applications, appeals, or requests for accommodation or variance, the Complaint is barred, and the Department is precluded from obtaining the relief sought.

22. Defendant reserves the right to assert additional defenses as discovery proceeds.

Dated this 10th day of September 2025.

    Respectfully submitted,

    By: /s/ Todd S. Richardson
    LAW OFFICES OF TODD S. RICHARDSON, PLLC
    604 Sixth Street
    Clarkston, WA 99403
    todd@myattorneytodd.com


    By: /s/ Joseph P. McGill
    FOLEY, BARON, METZGER & JUIP
    Attorneys for Defendant
    38777 Six Mile Road, Suite 300
    Livonia, MI  48152
    (734) 742-1800 / Fax (734) 521-2379
    jmcgill@fbmjlaw.com

    *Counsel for Defendants*

-4-

**PROOF OF SERVICE**

    I HEREBY CERTIFY that on the 10th day of September, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

                                                    /s/ Nicole Scheuermann