UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| United States of America | |
| Plaintiff, | Case No.  3:25-cv-00262-REP |
| v. | **REVISED JOINT DISCOVERY PLAN** |
| City of Troy, Idaho | |
| Defendant. | |

## PROCEDURAL BACKGROUND

On September 25, 2025, the United States filed a Joint Discovery Plan, with discovery deadlines agreed upon by the parties. ECF No. 13. On October 2, 2025, the Court stayed the case. ECF No. 17.  On October 3, 2025, due to the stay, the Court vacated the telephonic scheduling conference set for later that day. ECF No. 10. On November 19, 2025, the Court issued an order extending the deadlines set by the Federal Rules of Civil Procedure or Case Management Orders, but not deadlines set by stipulation.  ECF No. 19.  Accordingly, the parties submit the below Revised Discovery Plan with revised deadlines for the parties' discovery.

## REVISED DISCOVERY PLAN

I. **Preservation**

    a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

DISCOVERY PLAN-1

    i. **Date Range:**  Only ESI created or received between 2022 and the present will be preserved;

    ii. **Scope of Preservation:**  The parties agree to:

        a. Preserve the Following Types of ESI:   Any electronically stored information as defined by Federal Rule of Civil Procedure 34(a)(1)(A), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, as well as email messages, text or personal messages, video and audio recordings, maps, notes, minutes, memoranda, letters, calendars, logs, social media, information gathered from the internet, documents created on word processing programs such as Word Perfect or Word, spreadsheets such as Excel or QuattroPro, scanned or static images such as PDF or TIFF, and presentations such as Power Point materials.

    2. From the Following Custodians or Job Titles:

        a. For the United States: Carrie Pagnucco, Amie S. Murphy, Noah Sacks, Charla Jackson, Christine England and/or records custodians as disclosed during discovery.

        b. For the Defendants: City of Troy, Idaho.

    3. From the Following Systems, Servers, or Databases

        a. to be determined after additional consultations between the parties.

DISCOVERY PLAN-2

iii. **Preserved But Not Searched:** The parties will negotiate in good faith to determine if there are data sources not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced.

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

1. Delivery or read receipts of email;

2. Logs or other data from video conferencing (including, e.g. Skype or Zoom) or instant messaging tools involving (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendants in this case (and their staff);

3. Temporary or cache files, including internet history, web browser, cache, and cookie files, wherever located;

4. Internally facing server system logs;

5. Externally facing or hosted file sharing system logs;

6. System data from photocopiers or fax machines;

7. Auto-saved copies of electronic documents;

8. Deleted, slack, fragmented, or other data only accessible by forensics;

9. Random access memory ("RAM"), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and

DISCOVERY PLAN-3

10. Voicemail messages on the voicemail systems of (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendants in this case (and their staff).

v. **ESI Retention Protocols:**  The parties and their counsel have each initiated a litigation hold in this case and have so notified the relevant custodians.

vi. **Cost Sharing:**  The parties agree to bear their own costs for preservation of e-discovery.

## II.    Initial Disclosures

a.    The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs:    January 30, 2026.

- Defendants:    January 30, 2026.

## III.    Scope of Discovery

a.    **Scope:**[1]  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

1. Protocols for accepting or denying CUPs;

2. Process for determination of CUPs;

3. Internal Communications about Christ Church applications;

4. Public comments about Christ Church;

---

[1] Inclusion of these topics is not an admission by either party that the subject/issue is relevant or a proper topic of discovery under Fed. R. Civ. P. 26.   The parties reserve all rights to object to proposed issues and topics in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

DISCOVERY PLAN-4

5. Traffic and parking in downtown Troy;

6. Bases for City's denial of Christ Church's CUP application;

7. City's 2025 Zoning Code changes;

8. Other information relevant to the United States' RLUIPA claims.

- For Defendant:

  1. Plaintiff's Alleged Religious Exercise and Burden Claim

     a. The nature, sincerity, and scope of Christ Church's alleged religious exercise.

     b. The specific way the City of Troy's land use decisions are alleged to impose a substantial burden.

     c. Alternatives considered by Christ Church for achieving its religious objectives.

     d. Christ Church's resources, land holdings, and capacity to pursue alternative sites or methods.

  2. Equal Terms, Discrimination, and Comparator Evidence

     a. Identification of all allegedly similarly situated institutions (religious and nonreligious).

     b. Evidence of alleged discriminatory treatment or disparate impact.

     c. The City of Troy's history of zoning approvals/denials for both religious and nonreligious applicants.

  3. Municipal Interests and Decision-Making

DISCOVERY PLAN-5

    a.  The City of Troy's internal processes, deliberations, and considerations of health, safety, environmental, and zoning concerns.

    b.  Application of municipal ordinances to Christ Church's project compared with other projects.

    c.  Consistency of enforcement of zoning regulations.

4.  Plaintiff's Enforcement of RLUIPA Nationwide

    a.  Plaintiff's history of initiating RLUIPA enforcement actions against municipalities across the country.

    b.  All protocols, guidelines, or internal policies governing Plaintiff's decision to prosecute a RLUIPA claim against a City of Troy.

    c.  Any statistical data maintained by Plaintiff concerning the frequency, disposition, or success rate of its RLUIPA enforcement actions.

    d.  All "letters of interest" or similar pre-litigation communications filed or issued by Plaintiff in connection with RLUIPA matters nationwide.

    e.  Metrics or evaluative criteria Plaintiff uses to measure the effectiveness of its RLUIPA enforcement program.

    f.  Identification of municipal zoning ordinances that Plaintiff has reviewed and determined to comply with RLUIPA.

DISCOVERY PLAN-6

g. All internal and external training materials, presentations, workshops, or seminars conducted by or for Plaintiff (including outside entities or bar associations) concerning the enforcement, interpretation, or application of RLUIPA.

5. Damages and Remedies

a. Plaintiff's claimed remedies and methods of determination.

b. Mitigation efforts undertaken by Christ Church.

6. Affirmative Defenses

a. Christ Church's compliance with administrative procedures and exhaustion requirements.

b. Ripeness and finality of municipal decisions.

c. Evidence supporting The City of Troy's assertion that its regulation furthers compelling governmental interests and uses the least restrictive means available.

d. All factual issues reasonably raised or implicated by the City of Troy's Answer to Complaint and 1st Amended Affirmative Defenses and other information relevant to the defense of United States' RLUIPA claims.

## IV.    **Discovery Boundaries**

a. **Limits:**  The parties agree to limit the number of discovery tools as follows:

1. Depositions: FRCP Standard 10 unless discovery progress reveals are needed at which point the parties will meet and confer.

DISCOVERY PLAN-7

2. Interrogatories: The parties have stipulated to 50 interrogatories unless discovery progress reveals that more are needed at which point the parties will meet and confer.

3. Requests for Production: Parties will not set a cap on RFPs but will endeavor to keep RFP's as limited and necessary as possible.

## II.    ESI

a. The parties will provide to the Court stipulated ESI protocols filed in accordance with this Discovery Plan.

## III.    Deadlines

See Attachment A for stipulated litigation deadlines.

## IV.    Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

**Quick Peek:** The parties agree that a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) is not necessary in this case.

b. **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

DISCOVERY PLAN-8

Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## V.    <u>Protective Order</u>

a.    The parties shall negotiate a Protective Order to protect personal information and will submit it to the Court for its approval.

b.    The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DISCOVERY PLAN-9

Dated: January 14, 2026

Respectfully submitted,

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

CHRISTINE GEALY ENGLAND
Assistant United States Attorney
United States Attorney's Office
District of Idaho

/s/ *Charla Jackson*
CARRIE PAGNUCCO
Chief
AMIE S. MURPHY
Deputy Chief
NOAH D. SACKS
CHARLA JACKSON
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for Plaintiff*
*United States of America*

/s/ *Todd S. Richards*
Todd S. Richardson
The Law Offices of Todd S.
Richardson 604 Sixth Street
Clarkston, WA 99403
Todd@MyAttorneyTodd.com

/s/ *Joseph P. McGill*
FOLEY, BARON, METZGER &
JUIP, PLLC
38777 Six Mile Road, Suite 300
Livonia, MI 48152
jmcgill@fbmjlaw.com

*Attorneys for Defendants, City of Troy*

DISCOVERY PLAN-10